UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE L. KOTSCH,

        Plaintiff,                              Case No. 12-14229
                                                   Honorable Thomas L. Ludington

v.

THE HOME DEPOT U.S.A., INC.,
a foreign corporation,

        Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

Discovery closed on April 30, 2013. The case management and scheduling order governing these proceedings provides, in relevant part, that "the Court will reach the merits of discovery motions, including motions to compel, *that were filed before the cutoff date*." Oct. 22, 2012 Case Mgmt. & Sched. Order II(E) (emphasis added), ECF No. 5. On May 9, 2013, Plaintiff filed a motion to compel and request for sanctions, clearly past the discovery deadline, and thus the motion was untimely. Accordingly, it was denied.

Plaintiff has now filed a motion for reconsideration, taking the position that the Court's adherence to scheduling order deadlines was error. Pl.'s Mot. 1, ECF No. 16. Plaintiff brings her motion pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 60(b)(1). Of course, to satisfy her burden under these rules, Plaintiff must demonstrate either "a defect which is obvious, clear, unmistakable, manifest, or plain," *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001), or that her "failure to timely perform a duty was due to circumstances which were beyond [her] reasonable control," *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*

*P'ship*, 507 U.S. 380, 384 (1993) (internal quotation marks and brackets omitted). Plaintiff has not, at least in part, accomplished this objective.[1]

A more careful review of the motion, however, reflects that it really did not seek the production of documents (its title notwithstanding); it was merely Plaintiff's expression of frustration concerning Defendant's slow response to her December 5, 2012 request for documents that have now been produced. (As noted, "within days of the May 22, 2013 case evaluation and Plaintiff's on-site inspection/testing, Defendant disclosed 2 'smoking gun' documents explicitly addressing the transportation and stacking of merchandise on platform carts with in the store – 156 days after the information was requested!" Pl.'s Mot. Compel 7.)

Instead of seeking documents, the motion really sought confirmation that all documents had in fact been produced, as well as adjournment of the relevant scheduling order dates to permit Plaintiff to address the untimely-produced documents in discovery and case evaluation. Defendant filed no response.

Because the motion to compel was untimely, and because Plaintiff's request for sanctions was contingent the motion's success, the Court denied the motion in full. Plaintiff filed a motion for reconsideration on June 5, 2013. The papers again reflect that Plaintiff is not so much concerned with compelling the production of documents, but rather with the fact that the late production has prejudiced her ability to prepare the case during discovery for facilitation and trial. (On Friday, May 3, 2013 at 3:46 p.m., Defendant produced its "Pushing Loaded Carts" section of the Safe Work Practices manual, "**6 months after the discovery requests (and 3½ days after the discovery deadline!)**." Pl.'s Mot. Compel 3 (emphasis in original).) Plaintiff

---

[1] Plaintiff cannot show that the Court's adherence to discovery deadlines was an unmistakable defect. "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (citing *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir. 1998)).

goes on to suggest that she is now "forced to seek leave to amend her Complaint to allege negligent training and supervision, negligent warning, negligent design of the carts, and exemplary damages." *Id*. at 4. (Of course, Plaintiff has not sought leave to file an amended complaint.)

Plaintiff suggests that the Court erred by ignoring the fact that Defendant withheld internal documents until after the close of discovery. But again, Plaintiff does not really seek more documents. She really seeks sanctions for the late production of documents, to reopen discovery, and an adjournment of the dates included in the relevant scheduling order. Respectfully, any error in the Court's determination was in large part occasioned by Plaintiff's presentation of her arguments. Her contentions, however, do not appear to be without merit. Thus, the Court will vacate its order denying Plaintiff's motion to compel, and Defendant will be ordered to respond.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 16, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the Court's order denying Plaintiff's motion to compel and request for sanctions, ECF No. 15, is **VACATED**.

It is further **ORDERED** that Defendant is **DIRECTED** to respond to Plaintiff's motion to compel, ECF No. 13, no later than **June 21, 2013**.

Dated: June 13, 2013                                          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS
